## CARR v. CORCORAN.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

ATTACHMENTS—GARNISHMENT—VALIDITY—SITUS—CLAIM ATTACHED.

Code Civ. Proc. § 649, subd. 3, provides that where personal property consists of a demand other than a bond, promissory note, or other instrument for the payment of money, an attachment must be made by leaving a certified warrant of attachment with the person against whom it exists. *Held* that, as the situs of a debt is the domicile of the debtor, a creditor in Ohio having a claim against a debtor in Pennsylvania could not attach such debtor's claim against a third party, also a resident of Pennsylvania, while such third party was temporarily in New York.

Appeal from special term, New York county.

Attachment by William M. Carr against James C. Corcoran. From an order vacating a levy, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Louis Marshall, for appellant.

Donald McLean, for respondent.

VAN BRUNT, P. J. This action was brought to recover an alleged indebtedness due from the defendant to the plaintiff. The defendant being a nonresident of the state, an attachment was procured, and served upon one Joshua Rhodes, a resident of Pittsburg,

Pa., who was at the time of such service temporarily sojourning at the Fifth Avenue Hotel in the city of New York. The plaintiff is a resident of Zanesville, Ohio, the defendant is a resident of Pittsburg, Pa., and the alleged debtor of the defendant is also a resident of Pittsburg, as above stated. A motion was made to vacate the attempted levy upon the ground that, the plaintiff and defendant and the alleged debtor of the defendant being all nonresidents, no levy could be upheld. The court granted the motion, and from the order thereupon entered this appeal is taken.

It is urged upon the part of the appellant that the attachment was served in the manner prescribed by subdivision 3 of section 649 of the Code of Civil Procedure; and, if the strict language of the Code is to prevail, it undoubtedly was. But this language is to be construed in the light of the nature of the process. The proceeding by attachment is a proceeding in rem, and the res must be seized or attached, or at least be within the jurisdiction, in order to confer jurisdiction upon the court. An attachment can only operate upon property which it can affect,—that is, which is situated within the territory through which the attachment runs; and hence when the Code says (subdivision 3): "Or if it consists of a demand other than as specified in the last subdivision, with the person against whom it exists," it must necessarily mean that the circumstances must be such that the situs of the demand is within the territorial limits of the attachment. Now, it is well settled that the situs of debts and obligations is usually at the domicile of the creditor. But the attachment laws of our and other states have changed this rule, and recognize the right of a creditor of a nonresident to attach a debt or credit owing or due to him by a person within the jurisdiction where the attachment issues, and to this extent the principle has been sanctioned that the laws of a state, for the purposes of attachment proceedings, may fix the situs of a debt at the domicile of the debtor. And the rule is laid down that no court can acquire jurisdiction in attachment proceedings unless the res is either actually or constructively within the jurisdiction. Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938. Applying those rules to the case at bar, it is clear that the situs of this debt—the res—was in Pennsylvania, and hence could not be attached here. Indeed, it is difficult to see how it would be possible for the courts of this state to enforce an attachment of this description. The debtor being a nonresident and the creditor being a nonresident, there would be nothing for the court to take hold of.

We think, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.