(65 App. Div. 349.)

INDIA RUBBER CO. v. KATZ et al.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

1. ATTACHMENT—VALIDITY—SITUS.

Though a debtor is a foreign corporation, where it deposits money within the jurisdiction of the court, and has an office in such jurisdiction for the transaction of business, such money is subject to levy at the instance of a resident for a debt incurred in the course of the corporation's business within the state.

2. SAME—MONEY IN CUSTODIA LEGIS.

Where money is paid by a foreign corporation to the chamberlain to furnish security for the payment of a debt, such money, though in custodia legis, is subject to levy on attachment for such debt.

Appeal from trial term, New York county.

Action by the India Rubber Company against Edward A. Katz and William F. Grell, sheriff of the county of New York, substituted in place of the American Bicycle Company. From a judgment in favor of defendants, and an order granting extra allowances to defendants, plaintiff appeals. Affirmed.

Appeal from a judgment entered upon a decision of .the trial court after a trial without a jury, and from an order granting an extra allowance to each of the defendants. This action was originally brought by the plaintiff, India Rubber Company, a foreign corporation, organized in the state of Ohio, and having no office in this state, against the American Bicycle Company, also a foreign corporation, organized under the laws of New Jersey, but having an office for and transacting business in the city of New York, to recover the sum of $28,685.09 for goods sold and delivered by the plaintiff to such defendant. The American Bicycle Company admitted its indebtedness to the plaintiff, and presented a petition to the court so admitting, but alleging that the defendants herein claimed said sum by reason of a levy under a warrant of attachment in an action brought by Edward A. Katz, and asking that it be allowed to deposit the amount with .the chamberlain of the city of New York, and that it be discharged from all liability, and that the attaching creditor, Katz, and the sheriff levying the attachment be substituted as defendants in the action in its place and stead. This petition was granted, and an order was made permitting the deposit of the amount of the debt with the city chamberlain, and directing that Edward A. Katz and the sheriff, William F. Grell, be substituted as parties defendant herein. The deposit was made pursuant to the order, and the plaintiff afterwards served an amended complaint upon the present defendants, each of whom appeared by attorney and set up the attachment suit and a levy thereunder before the commencement of this action. After the deposit was made with the city chamberlain the defendant sheriff, pursuant.to the attachment mentioned, levied upon said sum so deposited in the hands of the chamberlain. A motion was made by this plaintiff in the action brought by Katz against it to set aside the levy upon the debt of the American Bicycle Company to it, but the motion was denied, and upon an appeal to this court from the order denying the motion the order was affirmed. The defendant sheriff has not attempted to take possession of the moneys levied upon in the hands of the chamberlain, and has not attempted to enforce the levy made, except by serving a notice of attachment upon the American Bicycle Company and upon the chamberlain. It is not contended but that the attachment issued in the action by Katz against the plaintiff is valid. There is no dispute as to the facts in the case, and it was submitted and decided upon an agreed statement of facts. The trial court directed a dismissal of the complaint on the merits, and judgment was entered accordingly. Motions were made by the defendants for extra allowances, which were granted, and from the judgment and the order granting such allowances this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Joseph Kling, for appellant.
Mark H. Ellison, for respondent Katz.
Charles F. Walls, for respondent Grell.

HATCH, J. The appellant contends that the levy made under the attachment in favor of the defendant Katz was invalid for the reason that both the debtor and creditor were foreign corporations, and that therefore no levy under an attachment granted by the courts of this state is authorized. Reliance is placed in support of this contention upon the case of Carr v. Corcoran, 44 App. Div. 97, 60 N. Y. Supp. 763; but in that case both the debtor and the cred-

itor were nonresidents, and the res was not within the jurisdiction
·of the court, and under such circumstances it was held that a levy
was unauthorized. That case recognizes, however, that where the
res, the thing to be levied upon, is within the jurisdiction of the
·court, it may be attached; and in Simpson v. Contracting Co., 165
N. Y. 193, 58 N. E. 896, it was held that the stock of a foreign cor-
poration belonging to a nonresident, but in the possession of a resi-
·dent, of this state, was subject to levy under an attachment. In the
present case the plaintiff is a resident of this state, and the money
represented by the debt is also within the jurisdiction of this court.
Consequently, within both of the above authorities, the attachment
and levy were authorized. Aside from these considerations, it ap-
pears that the American Bicycle Company had an office and was en-
gaged in the transaction of business within the state, and the debt
which was the subject of the attachment was incurred by it in the
·course of such business. As to a corporation so situated, a differ-
·ent rule prevails from that which obtains where the foreign corpora-
tion does no business within the jurisdiction of the court. The lat-
ter is to be regarded as a nonresident exclusively, and the rule an-
nounced in Carr v. Corcoran, supra, and in Douglass v. Insurance
Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep.
448, applies. As to the former, however, it is not regarded as a non-
resident as to the business which it carries on within the court's ju-
risdiction, and the situs of the debt which it owes, incurred in con-
nection with the business so transacted, is of the place where the
business is done; and the corporation, to this extent, may be re-
garded as a resident, and the debt as having its situs here, and, as
both the residence and the res come within the jurisdiction of the
·court, the attachment is enforceable. In principle, such a case is not
different from that where a·foreign corporation brings or sends its
·property within the court's jurisdiction, and thereby makes it sub-
ject to the levy of an attachment in favor of a citizen residing within
the jurisdiction. In the present case the corporation is here doing
business, and the plaintiff sells property to it, and delivers it at its
place of business within this state, and thereby the debt is created, ·
and that debt is due here, and may be attached as may any other
debt, and as to it the debtor corporation is to be treated as a resi-·
dent. Besides, in this case this court denied a motion to vacate the
attachment and set aside the levy thereunder, and to reach that re-
sult necessitated a holding that both were valid.

It is further contended that when the money was paid over to the
chamberlain it was in custodia legis, and therefore not the subject
of a levy. But it was so paid in for the very purpose of furnishing
security for the payment of the debt for which the attachment is-
sued, and it was in custody to meet this claim. Under such circum-
stances, it is subject to levy. Dunlop v. Insurance Co., 74 N. Y. 145,
30 Am. Rep. 283; Wehle v. Conner, 83 N. Y. 231. No sound dis-
tinction can be drawn between money deposited voluntarily by the
attachment debtor in the·custody of the law, and money placed
there by order of the court to meet the debt which the attachment
represents. Both are alike subject to levy thereunder.

The extra allowances seem to have been proper in amount, and
are authorized by law.

It follows that the judgment and orders appealed from should be
affirmed, with costs.  All concur.