In any event the plaintiffs herein are entitled to have their right and interest in the certificates of stock declared by the courts of this state, and to have provision made for the sale of these certificates, so that they may be able to deliver a good and valid title to any purchaser at judicial sale. Even if this were deemed to be only an action to establish the right and interest of the plaintiffs in the certificates of stock within this state, and to provide for the delivery of these certificates to the proper party for the purpose of enabling the plaintiffs to make their security effective, the complaint would state a cause of action. The demurrers are overruled, with separate costs against each of the defendants Reed and Hughes.

Demurrers overruled, with separate costs against each of defendants Reed and Hughes.

---

(41 Misc. Rep. 19.)

LANCASTER v. SPOTSWOOD et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. ATTACHMENT—PROPERTY SUBJECT.
    Where a debt due a nonresident defendant by a foreign corporation was the result of a contract made payable in the state, it may be attached in an action brought in the state.
2. SAME—NOTICE—SUFFICIENCY.
    Where a notice of attachment is annexed to a copy of the warrant, and the recitals in the two clearly identify persons holding the personal property sought to be attached, the notice is sufficient.

Action by Thomas Lancaster against Thomas E. Spotswood and Horace Turner. Application to vacate a levy of attachment made by the sheriff of the county of New York. Motion denied.

Lord, Day & Lord (Howard Mansfield and Herbert C. Lakin, of counsel), for defendant, for purposes of motion only.

David Bennett King, for plaintiff, in opposition.

John J. Adams (Sydney W. Stern, of counsel), for sheriff, in opposition.

BLANCHARD, J. This is an application made by defendants to vacate a levy made by the sheriff of the county of New York upon a New Jersey corporation, called the Cuba Company, upon two grounds, to wit: First, that the property sought to be attached consists of a debt due to defendants, nonresidents of this state, by a foreign corporation, and therefore not the subject of attachment here; and, second, that the notice of the attachment is insufficient. As to the first of the grounds urged, it may be said that, as a general proposition, it is the law that the debt of a foreign corporation, due to a nonresident, cannot be attached in this state. A number of authorities on this point are called to my attention. The leading case is that of Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448. This decision proceeded upon the principle that in attachment proceedings the res must be within the jurisdiction of the court issuing the process in order to confer jurisdiction; and it was stated that, as a general rule, the situs

of a debt was at the domicile of the creditor, or, for the purposes of attachment proceedings, the domicile of the debtor may fix the situs of the debt.   These, however, were general rules laid down apparently in the absence of proof as to the actual situs of the debt. In the case at bar the plaintiff's proof is that the debt due to defendants was the result of a contract made in the state of New York, and by the terms thereof payable in this state.   In the face of such proof I am unwilling to direct the release of the levy upon the ground that the situs of the debt sought to be reached is outside of the state of New York.   As to the second ground urged—i. e., the insufficiency of the notice of attachment served on the Cuba Company—I am of the opinion that it was sufficient.   The notice was attached to a copy of the warrant, and stated that the sheriff was commanded to attach property, etc., "of the defendant Thomas E. Spotswood and ano., within named"; and by reference to the warrant attached, which undoubtedly was what was referred to by the use of the words "within named," the identity of the individuals whose property was sought to be reached was made evident beyond a doubt.   I conclude, therefore, the motion should be denied, with $10 costs to plaintiff to abide the event.

Motion denied, with $10 costs to plaintiff to abide event.