## O'CONNOR v. BYRNE.

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1903.)

1. JUDGMENT—CONCLUSIVENESS.

In an action to recover for five months' rent, December, 1900, to April, 1901, the complaint alleged a lease for one year from May 1, 1900.  The answer denied the lease as alleged, set up a leasing from month to month, and termination of the tenancy October 1, 1900.  In a prior action to recover the rent of the same premises for October and November, it appeared that plaintiff had claimed a leasing for a year, and defendants a leasing from month to month and termination of the lease, and that both gave evidence to support the claims.  *Held*, that the judgment in plaintiff's favor in the former action was conclusive in his favor as to the continuance of the lease.

Appeal from Onondaga County Court.

Action by William O'Connor against Peter Byrne.  From a judgment of the Onondaga County Court reversing a judgment in favor of plaintiff rendered by the Municipal Court of the City of Syracuse, plaintiff appeals.  Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Henry B. Buck, for appellant.
Devine & Lillis, for respondent.

WILLIAMS, J.  The judgment of the County Court should be reversed, and the judgment of the Municipal Court affirmed, with costs of both appeals to plaintiff.

The action was brought to recover rent of premises, 641 South Salina street, for the month of December, 1900, and January, February, March, and April, 1901.  There had been a recovery in a former action for rent for the months of October and November, 1900, and the recovery had been paid.  The judgment in the former action was held conclusive against the defendant as to his defense in the present action, and judgment was therefore directed for the plaintiff by the Municipal Court.  Upon appeal, the County Court held that was error, reversed the judgment of the Municipal Court, and ordered a new trial.

The question to be determined here is the effect to be given to the first judgment upon the trial of the present action.  The pleadings in the first action were oral, and as follows:  Complaint:  Rent $60.  Answer:  Denial, termination of lease, surrender, and acceptance. The pleadings in the present action are in writing.  The complaint alleges a leasing for one year from May 1, 1900, payable in monthly

installments of $30, and demands judgment for five months' rent as above stated. The answer denies the lease as alleged, and alleges a leasing from month to month, a termination of the tenancy, and surrender and acceptance of the premises before October 1, 1900.

There appears to be no dispute but that both actions involved the collection of rent of the same premises, under the same leasing. This being so, the defense in the two actions was practically the same, and it would seem that the determination of the issues in the first action was conclusive upon the parties in the present one. The two actions were tried before the same judge, and in the latter trial he attempted to state his recollection of the basis upon which the first action was decided, viz.:

"My decision in the former action, as I recall it, was based upon the finding that, even if Mr. Byrne held the premises under a lease from month to month, the plaintiff was entitled to recover by reason of the fact that he held over, after the first of the month, and that the tenancy from month to month, if such it was, was not properly terminated. There was no opinion filed or findings made in the case, so that there was no definite determination of the question whether the lease was for a year from May 1, 1900, or from month to month."

He had before held that the former judgment was conclusive as to the other matters of defense alleged, and that the only question left to be determined in this action was whether the lease was for one year from May 1, 1900, or from month to month. He finally concluded that the former judgment was conclusive as to the length of the lease itself, and directed the verdict for the plaintiff. The judge could not determine in his own mind, and from his own recollection, what was decided in the first action. He could only be governed by the evidence given upon the present trial. The pleadings were all in evidence, and it was proved that the lease referred to in the pleadings in the former action was the same one involved in the present action, that the premises leased were the same, and that the rent recovered in the former action was for October and November, 1900. It appeared, also, that the defendant vacated the premises October 1, 1900, and that plaintiff claimed that rent upon the theory of a lease for one year from May 1, 1900, and the defendant claimed the lease was from month to month, and both gave evidence to support their claims. The termination of the lease and the surrender and acceptance of the premises were all claimed by the defendant to have taken place prior to October 1, 1900. A recovery, in the former action, of the October and November, 1900, rent, therefore, was a decision upon all these issues in favor of the plaintiff and against the defendant, and those questions could not be tried over again in the present action. It cannot be said that the question as to the continuance of the lease was not in issue in the first action, when the evidence given on that trial (which is in the record here), shows that plaintiff testified to it and defendant denied it. Nor can it be said that there was no proof given upon the first trial as to the termination of the tenancy from month to month, and therefore the court may have decided the case upon the theory of such a tenancy not terminated by the defendant. The whole evidence given on the first trial does not appear to have been read on the present trial. The plaintiff gave

evidence showing the question of the continuance of the lease was in issue, and, that appearing, we cannot say the court did not regard such evidence, and did not determine that question, but really decided the case upon the theory of a neglect to terminate a tenancy from month to month. The oral pleadings in the first action were very general, did not indicate what premises had been rented, or what the terms of the lease were, nor what months the rent covered. It was proper, therefore, to show, by the proceedings on that trial and the evidence given, what the particular issues tried were, and what the decision involved, and that was done here.

We think the County Court erroneously reversed the judgment of the Municipal Court and ordered a new trial. The County Court should be reversed, and the Municipal Court affirmed, as heretofore stated.

Judgment and order of County Court reversed, and judgment and order of Municipal Court affirmed, with costs of both appeals to the plaintiff. All concur.