PATTERSON, P. J., INGRAHAM, McLAUGHLIN and HOUGHTON, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

JOHN P. FLYNN and WALTER R. HENSEY, Respondents, *v.* WILLIAM F. WHITE and WHITE SILVER COMPANY, LIMITED, Appellants.

First Department, December 20, 1907.

Attachment — debt owed by non-resident to foreign corporation — right of foreign corporation to sue non-resident doing business here.

A plaintiff resident of this State suing a foreign corporation to recover commissions earned by effecting a sale of its lands to a third person having a regular place of business in this State, but residing in New Jersey, may attach a balance of the purchase price in the hands of said third person, when the contract employing the plaintiff and the contract to sell the lands, which required payment here, were both made in this State and the prior payments made were mostly from funds deposited here. Under such circumstances it cannot be said that the debt levied upon had no *situs* within this State.

---

* See Pers. Prop. Law (Laws of 1897, chap. 417), § 21, subd. 3.— [REP.

Although the defendant is a foreign corporation it may, under the Code of Civil Procedure, bring an action against the purchaser of its lands, who, though a non-resident, has a regular place of business in this State, for he can be served with process here: hence a resident creditor of the corporation can attach the debt.

The mere fact that the debtor of the corporation has a technical residence in an adjoining State will not stand in the way of an attachment, if as a matter of fact he transacts all his actual business in this State.

APPEAL by the defendants, William F. White and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of July, 1907, denying the defendants' motion to set aside a levy under a warrant of attachment.

*Francis D. Pollak* of counsel, *Emery H. Sykes* with him on the brief [*Sullivan & Cromwell*, attorneys], for the appellants.

*George Rosendale* of counsel [*Rosendale & Dodd*, attorneys], for the respondents.

CLARKE, J.:

Plaintiffs, who are residents of the city of New York, brought this action against William F. White, a resident of New York, and the White Silver Company, Limited, a foreign corporation organized under the laws of the Province of Ontario, Dominion of Canada, to recover $37,500 as commissions alleged to have been earned by them in bringing about the sale of certain lands in Canada to Thomas A. Nevins for $375,000. Nevins is a resident of the State of New Jersey, although he now has and for a long time past has had an office for the transaction of business as a banker in the city of New York. The contract sued upon and the contract alleged to have been brought about by the plaintiffs' efforts were made in the city of New York, and payment for the lands sold was provided to be made in the city of New York, and $330,000 of said purchase price was actually delivered in the city of New York. The greater part of the money so paid was from funds deposited in said city.

A warrant of attachment against the property of the White Silver Company, Limited, was issued and was served upon Nevins, and he has withheld, by reason of said service, from the last payment due by him $45,000. It is to vacate the levy upon that debt that the motion was made.

The validity of the attachment depends upon the fact that the White Silver Company, Limited, is a foreign corporation. The motion to vacate the levy thereunder is based upon the contention that the debt levied upon, the *res*, has no *situs* within the State of New York; that a debt due by a non-resident to a non-resident is not attachable in this State.

The appellant places great reliance upon the decision of this court in *Bridges* v. *Wade* (113 App. Div. 350). That case is an authority for two propositions: *First*, that a motion to set aside a levy under a warrant of attachment will lie under proper circumstances; *second*, that in an action brought by a foreign plaintiff against a foreign defendant to recover the agreed price of goods sold in a foreign State said foreign plaintiff is not entitled, under a warrant of attachment, to levy upon an indebtedness due the foreign defendant from a foreign corporation. *Arguendo*, the rule laid down by the Supreme Court of the United States, which is not in harmony with that of the Court of Appeals, was examined, and it was held that even under that rule the levy was bad. The rule referred to was based upon the proposition that an attachment will lie only when the creditor of the garnishee could himself sue. In *Bridges* v. *Wade* the garnishee was a non-resident corporation and the defendant, the creditor of said foreign corporation, was a non-resident. Section 1780 of the Code of Civil Procedure provided that an action against a foreign corporation might be maintained by a non-resident in certain specified cases only, under none of which, under the circumstances there disclosed, could the defendant Wade have sued the foreign corporation. If the contract out of which the debt grew in that case had been made within this State or the cause of action had arisen within this State a different question would have been presented.

In the case at bar the contract out of which the debt from Nevins to the White Silver Company, Limited, grew was made within this State and the money was to be paid within this State; a large portion due thereunder had actually been paid in this State from money here on deposit, and, therefore, if there had been a breach of the contract to pay, the cause of action would have arisen within this State. The case at bar is further differentiated from *Bridges* v. *Wade* (*supra*) by the fact that the creditor, instead of the debtor,

is the foreign corporation, and, therefore, if an action were to be brought upon the debt the foreign corporation would be the plaintiff and not the defendant. The restriction in the statute is against a non-resident bringing an action against a foreign corporation, but there is no restriction in the statute against a foreign corporation bringing an action in this State against a non-resident. On the contrary, section 1779 of the Code of Civil Procedure provides that an action may be maintained by a foreign corporation in like manner, and subject to the same regulations, as where an action is brought by a domestic corporation, except as otherwise specially prescribed by law.

Therefore, as Nevins has an office for the transaction of business in the city of New York, the White Silver Company, Limited, would have no difficulty in serving him with process in this State, and there would be no legal objection to maintaining its action upon the debt. In most of the cases where the attachment or the levy has been set aside, there was an attempt made to serve process upon non-residents incidentally or temporarily within the State, and to levy or attach debts contracted in foreign jurisdictions. It is true that under the rule as laid down by the Supreme Court of the United States in the cases noted in *Bridges* v. *Wade* (*supra*), that court has held such service good, that the debt was migratory in character and followed the person. The rule, however, as laid down by the Court of Appeals, as indicated in *National Broadway Bank* v. *Sampson* (179 N. Y. 213), is otherwise, and we are bound to follow the Court of Appeals.

There are expressions in that opinion which, if taken by themselves, would support the contention of the appellant. The court did say, " It seems clear that a debt, to be subject to attachment, must have a *situs* somewhere and can be impounded only in the jurisdiction where such *situs* exists, which is clearly where either the creditor or debtor resides. The laws relating to attachments do not authorize a proceeding in this State to seize a credit owing to a resident of another State, where neither the creditor nor the debtor is a resident here." But we have been many times admonished by the Court of Appeals that we are to be bound by the decision of that court and that an expression in its opinion is not to be divorced from its context and warped into an authority in

another case presenting a different state of facts. In the *Sampson* case the attachment had been issued in a suit brought against a Massachusetts corporation. The firm of which Sampson had been a member was a limited partnership organized under the laws of Massachusetts, having its principal place of business in Boston. Prior to its dissolution it had a branch office in New York, but the firm had been dissolved and some days before the attachment in question the firm had neither an office nor any property in this State. The dealings between the firm and the corporation were had in Massachusetts. There the firm kept its books of account and records of its transactions. The corporation consigned its goods to the firm at Boston exclusively and payments for the goods sold by the firm for the account of the company were made to the firm in Boston. Statements of account were rendered by the firm at the same place. C. E. Sampson was a resident of the State of Massachusetts, and being temporarily within this State, he was served with a notice of the warrant of attachment. It was these circumstances that the court was considering when it said : " If, under the circumstances of this case, it could be properly said that the *situs* of the debt owing by Charles E. Sampson was in this State, and that it could be attached here, it would follow that it had no actual *situs* anywhere, but was transient, following the person of the debtor and could be attached in any State or country where the debtor might be temporarily found."

So in the other cases cited. (*Plimpton* v. *Bigelow*, 93 N. Y. 592.) Plaintiffs were residents of Massachusetts; the defendant was a resident of Pennsylvania; the suit was on promissory notes made and delivered by defendant in Massachusetts; the levy was on shares of a Pennsylvania corporation owned by the defendant, the certificates of which the defendant had in Pennsylvania, and the levy was made by service upon an officer of the corporation in which the defendant owned the shares, and it was held that the shares of stock of a foreign corporation were not here because the corporation had property or was conducting business here.

In *Carr* v. *Corcoran* (44 App. Div. 97) plaintiff was a resident of Ohio; the defendant was a resident of Pennsylvania. Attachment was served upon Rhodes, a resident of Pennsylvania, while temporarily sojourning at the Fifth Avenue Hotel in New

York city, upon a debt alleged to be due by him to the defendant; that is, all the parties were non-residents and the levy was set aside.

I have not found any case where the Court of Appeals has held an attachment or levy thereunder bad where the person upon whom the levy was attempted to be made, and who owed the debt, duty or obligation, while he had his technical domicile in an adjoining State, yet was a New York business man in every sense of the word, was in daily attendance at his regular office for the transaction of business in New York city, kept his money on deposit in the banks of this city, made the contract out of which the obligation grew in this city which, by its terms, was payable in this city, and the greater part of the amount payable thereunder had actually been paid in this city, when the plaintiffs were residents of this city and their claim against the defendant grew out of the obtaining for the defendants the very contract which the garnishee had partially performed, and the obligation for the last payment thereunder was the debt attempted to be levied on. There is presented here no question of a temporary sojourn by a non-resident and an attempt to levy upon a debt upon a contract created and to be performed elsewhere.

It seems to me, in view of the large numbers of business men who sleep in adjoining States and, therefore, have a technical domicile there, but who, as matter of fact, spend all their business hours in the actual transaction of business enterprises in New York city, that citizens of this State ought not to be deprived of the aid of the court in collecting their just debts by holding that the mere fact of such non-residence will prevent a levy under an attachment. Under the circumstances disclosed upon this record it seems to me that we should hold that the thing levied upon is within the State and subject to our jurisdiction until the court of last resort has squarely passed upon such a state of facts.

It follows, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements.

PATTERSON, P. J., INGRAHAM, McLAUGHLIN and HOUGHTON, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.