THE MORRIS PLAN COMPANY OF BUFFALO, Plaintiff, *v.* WILLIAM G. MILLER, Impleaded, etc., Defendant.

(Supreme Court, Erie Special Term, February, 1918.)

Motions and orders — corporations — contracts — courts — when motion to vacate garnishee order denied — Code Civ. Pro. § 1391.

A New York corporation which has a factory in another state is for all purposes a resident of the state of New York, and though the wages of a judgment debtor employed in said factory are paid there the *situs* of his contract of employment is in the state of New York; and a motion to vacate a garnishee order, issued under section 1391 of the Code of Civil Procedure, on the ground that money due and to become due to him on said contract is beyond the reach of the courts of the state of New York, will be denied.

MOTION by the judgment debtor, William G. Miller, to vacate an order of garnishment under section 1391 of the Code of Civil Procedure.

L. L. Ottaway, for judgment debtor.

J. J. Price, for judgment creditor.

SEARS, J. The judgment debtor moves to vacate a garnishment order under section 1391 of the Code of Civil Procedure because of the following facts: The

judgment debtor is a resident of Pennsylvania where he is employed by the Welch Grape Juice Company, a New York corporation which has a factory in Pennsylvania where the judgment debtor works and also has a factory in the state of New York. The Welch Grape Juice Company pays the judgment debtor in Pennsylvania; all his work has been performed in Pennsylvania except during the autumn of 1917 when the judgment debtor worked for the Welch Grape Juice Company in this state for about two months. It is the judgment debtor's contention that Pennsylvania is the *situs* of the employment contract and that the money due and to become due thereon is beyond the reach of the courts of the state of New York. Unless the *situs* of the contract between the judgment debtor and the Welch Grape Juice Company is within the jurisdiction of this court the order in question must be vacated. *National Broadway Bank* v. *Sampson,* 179 N. Y. 213; *Flynn* v. *White,* 122 App. Div. 780. It is well settled that the *situs* of debts and obligations usually is in the domicile of the creditor but the attachment laws of our state have changed this rule and recognize the right of a creditor to attach a debt or credit owing or due to a non-resident by a person within the jurisdiction where the attachment issues. *Carr* v. *Corcoran,* 44 App. Div. 97. The provisions of section 1391 of the Code of Civil Procedure are analogous to the provisions of the Code in relation to attachment and the rule applicable to attachments is applicable here. The *situs* of the contract in this case, therefore, is the residence of the Welch Grape Juice Company. It is firmly established that the residence and the domicile of a corporation are in the jurisdiction of its origin. *Douglas* v. *Phoenix Ins. Co.,* 138 N. Y. 209; *Bridges* v. *Wade,* 113 App. Div. 350.

In *Flynn* v. *White,* 122 App. Div. 780, to be sure, it

was held that a New York business man whose home was in New Jersey, yet who was in daily attendance at his regular office for the transaction of business in New York city, kept his money on deposit in the banks of that city and made the contract out of which the obliga-tion grew there, which by its terms was payable in New York city, was sufficiently within the state of New York so that the debt there in question was subject to attachment in this state, despite the fact that his tech-nical domicile may have been in New Jersey. I do not think that that case is controlling here. The Welch Grape Juice Company is, in my opinion, for all pur-poses a resident of this state and is not a resident of the state of Pennsylvania, and the *situs* of the contract for the employment of the judgment debtor therefore is also in this state. Motion, therefore, is denied.

Motion denied.