MECHANICS AND METALS NATIONAL BANK OF THE CITY OF NEW
YORK and Another, Respondents, v. BANQUE INDUSTRIELLE
DE CHINE and Another, Appellants.

First Department, May 18, 1923.

Attachment — property subject to attachment — debt due by foreign
banking corporation authorized to do business here to judgment
debtor, another foreign banking corporation authorized to do business
here, may be attached — situs of debt is here — foreign corporation
owing attached debt does not cease to have situs here when taken over
by Superintendent of Banks — not necessary for sheriff to file claim
with Superintendent of Banks under Banking Law, § 72 — if claim
were necessary that filed by attaching creditor is sufficient.

A debt owing by a foreign banking corporation authorized to do business in this
State to a judgment debtor, another foreign corporation authorized to do
business here, may be attached by the judgment creditor, for the situs of the
debt is in this State and not in the country where the judgment debtor was
organized.

The foreign corporation owing the attached debt did not cease to have its situs
in this State when its affairs were taken over by the Superintendent of Banks.

It was not necessary for the sheriff to file a claim with the Superintendent of
Banks under section 72 of the Banking Law, for neither the sheriff nor the
judgment creditor was a creditor of the bank owing the debt.

Furthermore, if it were necessary to file a proof of claim, the proof filed by the
judgment creditor setting up the attachment and claiming the fund by virtue
of the attachment proceedings gave sufficient notice under said section of the
Banking Law.

APPEAL by the defendants, Banque Industrielle de Chine and
another, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 31st day of August, 1922, as resettled
by an order made on the 25th day of October, 1922, denying
defendants' motion for judgment dismissing the amended complaint,
made on the grounds that it appears on the face thereof that said
complaint does not state facts sufficient to constitute a cause
of action and that the court has not jurisdiction of the subject
of the action.

*John J. Curtin*, for the appellants.

*Frank M. Patterson* of counsel [*M. Mackenzie* with him on the
brief], for the respondent.

McAVOY, J.:

The plaintiff here in a prior action procured an attachment
against the Banco Espanol de la Isla de Cuba, a foreign banking
corporation, on the ground that it was such a foreign corporation.

The sheriff under this warrant levied upon an indebtedness due to that attachment debtor from the Banque Industrielle de Chine. This bank was doing business pursuant to a license issued by the State, and maintained an office in New York under such license. The defendant Superintendent of Banks, prior to the issuance of the warrant of attachment, had taken over in liquidation proceedings the management of the Banque Industrielle. The sheriff levied upon this indebtedness of the Banque Industrielle to the attachment debtor by delivering a copy of the warrant to the Deputy Superintendent of Banks who was in charge of the liquidation, with the usual notice under the former Code of Civil Procedure. The certificate of the Superintendent through his deputy states that the defendant Banque Industrielle was indebted to the attachment debtor in the sum of $7,308.42. The summons was served by publication in the former action, and the plaintiff bank here recovered in that action a judgment against the Banco Espanol for the sum of $12,378.57. Execution on this judgment was issued and thereafter returned unsatisfied. Upon the Superintendent of Banks declining to pay the sheriff the amount of the indebtedness aforesaid, leave was given by the court to bring this action. The Superintendent of Banks now in charge of liquidation claims the right to refuse to pay to the sheriff the moneys claimed or the property represented thereof to the plaintiff or to the sheriff on the grounds, *first*, that the situs of the debt owing to the Banco Espanol by the Banque Industrielle was at the residence of the Banco Espanol in Cuba, and it having no situs here, an attachment could not be levied thereon; and *secondly*, that no proper proof of claim was filed with the Superintendent of Banks under the provisions of section 72 of the Banking Law. The first contention is founded upon the theory that since both the Banque Industrielle and the Banco Espanol, the attachment debtor, are foreign corporations, the debt due from the one to the other is located in Cuba and, therefore, not within the jurisdiction of the court issuing the attachment. There are rulings to the effect that a debt due from one foreign corporation to another cannot be attached, but in such cases as make that holding, a foreign corporation in whose hands the debt was sought to be attached was not engaged in business in this State. Where, however, a foreign corporation has a license issued to it to do business here and maintains an office for the regular transaction of business here, it is deemed to be a resident of the State for certain judicial purposes within the contemplation of law. The ruling in *India Rubber Company* v. *Katz* (65 App. Div. 349) seems to settle this point definitely. There the attachment debtor was a foreign corporation which had

an office and was engaged in the transaction of business within the State, and the debt which was the subject of the attachment was incurred by it in the course of its business within the State.   The court points out this rule: " As to a corporation so situated, a different rule prevails from that which obtains where the foreign corporation does no business within the jurisdiction of the court. The latter is to be regarded as a non-resident exclusively, and the rule announced in *Carr* v. *Corcoran* [44 App. Div. 97] and in *Douglass* v. *Phenix Ins. Co.* (138 N. Y. 209) applies.   As to the former, however, it is not regarded as a non-resident as to the business which it carries on within the court's jurisdiction, and the *situs* of the debt which it owes, incurred in connection with the business so transacted, is of the place where the business is done, and the corporation to this extent may be regarded as a resident, the debt as having its *situs* here, and, as both the residence and the *res* come within the jurisdiction of the court, the attachment is enforcible."

I think the funds sought to be attached are clearly within the jurisdiction of this court, and that the levy is valid, nor is it proper to regard the Banque Industrielle as having ceased to have a situs here because its affairs have been taken over under the management of the Superintendent of Banks for the purpose of liquidation.   The Superintendent is merely managing temporarily the affairs of the company, and his custody is not intended to terminate the corporate existence of the banking company nor to end its business.   " He is a custodian and a liquidator.   The corporation is not extinguished; the statute provides for its resuming the business. * * * The functions of the Superintendent are those of superintendence, of a collector and manager, and * * * the corporation is the real party in interest for the purposes of the action."   (*Lafayette Trust Co.* v. *Higginbotham*, 136 App. Div. 747.)

As to the contention of the Superintendent that it was necessary that a proof of claim should be filed with him pursuant to section 72 of the Banking Law, such claim was unnecessary.   The claim is not against the Banque Industrielle as such, but against an indebtedness of that bank to the Banco Espanol.   Neither the plaintiff bank nor the sheriff was a creditor of the bank being liquidated.   While a proof of claim was filed by the plaintiff bank it merely set up the attachment and claimed the fund by virtue of the attachment proceedings.   The claim that such proof should have been made by the sheriff is obviously untenable.   The sheriff was not a creditor, but is merely, under section 943 of the Civil Practice Act, a *pro forma* party.   The real party in interest brings

35

the action at its own expense and risk. Section 677 of the Code of Civil Procedure and section 943 of the Civil Practice Act both provide that the plaintiff jointly with the sheriff may institute any proceedings authorized by subdivision 2 of section 665 of the Code or subdivision 2 of section 922 of the Civil Practice Act, respectively, and if any claim were needed or were necessary to be filed, the filing by the attaching creditor would seem to have given such notice as was contemplated.

The order should be affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within ten days upon payment of said costs and ten dollars costs of motion at Special Term.

Clarke, P. J., Dowling, Smith and Merrell, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to defendants to answer on payment of said costs and ten dollars costs of motion at Special Term.