SEVERNOE SECURITIES CORPORATION, Respondent, *v.* LONDON AND LANCASHIRE INSURANCE COMPANY, LTD., Appellant, and NORTHERN INSURANCE COMPANY OF Moscow, Respondent.

(Argued October 15, 1930; decided January 6, 1931.)

*Hartwell Cabell* and *Milton B. Ignatius* for appellant. The trial court had the right to and should have declined jurisdiction. (*Dewitt* v. *Buchanan*, 54 Barb. 31; *Burdick* v. *Freeman*, 46 Hun, 138; 125 N. Y. 420; *Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152; *Andre* v. *Beha*, 211 App. Div. 380; 240 N. Y. 605; *Murnan* v. *Wabash Ry. Co.*, 246 N. Y. 244; *Disconto Gesellschaft* v. *Terlinden*, 127 Wis. 651; *Matter of People* [*Northern Ins. Co.*], 229 App. Div. 639; *Lehigh Mining & Mfg. Co.* v. *Kelly*, 160 U. S. 327; *Southern Realty Investment Co.* v. *Walker*, 211 U. S. 603; *Kreider* v. *Cole*, 149 Fed. Rep. 647; *Marvin* v. *Ellis*, 9 Fed. Rep. 367; *Hoes* v. *N. Y., N. H. & H. R. R. R. Co.*, 173 N. Y. 435; *Pietraroia* v. *N. J. & H. R. R. & F. Co.*, 197 N. Y. 434; *Mahr* v. *Norwich Union Fire Ins. Soc.*, 127 N. Y. 452; *Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149; *Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 471.)

*David Rumsey* and *Louis J. Wolff* for Liverpool and London and Globe Insurance Company, *amicus curiæ*. The New York courts cannot be helpless to reject litigation imported here for a purpose which is at least inequitable, even though the technical requirements of jurisdiction are satisfied, and in view of the entanglement of political, economic and legal considerations presented and the foreign nature of the problem, the complaint should be

dismissed. (*Pietraroia* v. *N. J. & H. R. R. & F. Co.,* 197 N. Y. 434; *Hoes* v. *N. Y., N. H. & H. R. R. Co.,* 173 N. Y. 435; *Gaboury* v. *Central Vermont Ry. Co.,* 250 N. Y. 233; *Morris & Co.* v. *Skandinavia Ins. Co.,* 279 U. S. 405; *Mitchell Furn. Co.* v. *Selden Breck Co.,* 257 U. S. 213; *Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148; *Matter of People* [*City Eq. Fire Ins. Co.*], 238 N. Y. 147; *Matter of People* [*Northern Ins. Co. of Moscow*], 229 App. Div. 637.)

*Paul Bonynge* for plaintiff-respondent. The court had no discretionary power to reject an action on contract. (*Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244; *Russian Reinsurance Co.* v. *Stoddard,* 240 N. Y. 149; *Gregonis* v. *P. & R. Coal & Iron Co.,* 235 N. Y. 152; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23.)

*Ralph P. Buell* for defendant-respondent. The assignment to the plaintiff was valid and effective. (*Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23; *James & Co.* v. *Rossia Ins. Co.,* 247 N. Y. 262.)

CARDOZO, Ch. J. The Northern Insurance Company of Moscow, dismembered by the decrees of the Russian Soviet Republic, retains a pallid life as the shade or little more of its former self. There is a cause of action in its favor growing out of transactions in England with a British insurance company, having a domicile in England, though with a branch in New York. Of the board of directors of the Moscow company, a board consisting of five regular members and two alternate members, two only survive. These authorized a manager, whose authority was confined to the transaction of current business, to assign the cause of action to the plaintiff, a domestic corporation, for the purpose of suit in the courts of this State. The validity of the assignment is the question in the case.

The surviving directors, not constituting a quorum of

the board, were without authority in this State to act in its behalf except as conservators of assets that might otherwise be lost. Authority to conserve exists *ex necessitate rei*, and is circumscribed by the necessity that calls it into life. We find no necessity here, nor anything approaching it. The subject of the assignment was not so localized within the State as to exact the intervention of conservators to keep it from destruction. Here was no derelict to be moored while it could be seized lest the the tide carry it away. Here was an intangible asset localized, so far as common forms of speech avail to give it a locality, in countries far away. The owner corporation, acting by a quorum of the board, could have maintained an action in any jurisdiction where the debtor could be found, in the absence, at all events, of statute to the contrary. The conclusion does not follow that it has a like latitude of choice when acting by a conservator, whose position has many analogies with that of a receiver.

Tangibles have a legal situs in the State of physical location (*Frick* v. *Pennsylvania*, 268 U. S. 473). Intervention by a conservator may be necessary in that place if they are to be salvaged for the owners. The situs of intangibles is in truth a legal fiction, but there are times when justice or convenience requires that a legal situs be ascribed to them. The locality selected is for some purposes, the domicile of the creditor; for others, the domicile or place of business of the debtor, the place, that is to say, where the obligation was created or was meant to be discharged; for others, any place where the debtor can be found (*Farmers L. & T. Co.* v. *Minnesota*, 280 U. S. 204, 211, 217; *Baldwin* v. *Missouri*, 281 U. S. 586; *Beidler* v. *South Carolina Tax Comm.*, 282 U. S. 1; *Liverpool & London & Globe Ins. Co.* v. *Board of Assessors*, 221 U. S. 346, 354; *Wyman* v. *Halstead*, 109 U. S. 654; *Douglass* v. *Phenix Ins. Co.*, 138 N. Y. 209, 219; *Harris* v. *Balk*, 198 U. S. 215). At the root of the selection is generally a common sense appraisal of the requirements of justice

and convenience in particular conditions (*Safe Deposit & T. Co.* v. *Virginia*, 280 U. S. 83, 92, 93; Powell, Business Situs of Credits, 28 W. Va. L. Quart. 89; cf. 34 Yale L. J. 652, 654, 656). What we are to determine in the case at hand is the locality to be chosen for the exercise by conservators of powers born of an emergency.

For that purpose, if not for others, the situs of the chose in action, the subject of this claim, is in England and perhaps in Russia, but certainly not here. The debt is localized in England because there contracted by a British debtor in favor of a foreign creditor doing business in England in conformity with British law. A different situation would be presented if the debtor, though domiciled abroad, were without property sufficient to satisfy the claim in the jurisdiction of the domicile. There might then be an emergency justifying an attempt by conservators to gather in assets not available at home. Nothing of the kind appears in the record now before us. The debtor is solvent, and is subject to suit in the place of its corporate life, which is also the place of the creation of the debt. No emergency exists, and no excuse for the implication of extraordinary powers. The powers of conservators should be exercised where there are assets to be conserved.

Our judgment in *James & Co.* v. *Rossia Ins. Co.* (247 N. Y. 262) is not a holding to the contrary. The derelict assets had a situs in New York as well as in other States near by. There was the risk of dissipation if they were not subjected by the conservators to unified control. Our holding was merely this, that a transfer so made was not in fraud of creditors. The suitor was to seek his remedy against the assignee corporation which had assumed the liabilities.

Even less decisive is our judgment in *Petrogradsky M. K. Bank* v. *National City Bank* (253 N. Y. 23). There the dismembered corporation acted by a quorum,

and the action was maintained in the forum of the domicile of the debtor.

We do not forget that at the time of the assignment the Northern Insurance Company of Moscow had an agency in this State, where it was still engaged in business. The cause of action assigned had no relation, however, to the business there transacted, nor was collection understood to be essential for the payment of domestic creditors, or indeed of any creditors at all. On the contrary, by the terms of the assignment, the proceeds of the cause of action, when collected, were to be remitted to the surviving directors and others then resident in France, and held by them as trustees for the benefit of the shareholders.

If the survivors were without capacity to sue in the corporate name in the absence of some emergency more urgent than any here disclosed, they could not enlarge their powers by making for the same purpose an assignment to some one else.

A liquidator in Great Britain appointed by the British courts to wind up the British agency of the dismembered corporation, will hold these moneys, if collected, for the benefit of creditors and shareholders according to their interests. The remedy is adequate in the jurisdiction of the domicile without recourse to powers that are measured by necessity.

The judgment should be reversed and the complaint dismissed with costs in all courts.

POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., dissents.

Judgment reversed, etc.