Shipman Coal Company, Appellant, *v.* The Delaware and Hudson Company, Defendant, Impleaded with Joseph Nahas and Another, Respondents.

First Department, February 4, 1927.

**Attachment — property attachable — respondents, non-residents, recovered judgments against corporation defendant, domestic corporation, in Federal court in Pennsylvania — debts represented by said judgments " found " here, within meaning of Civil Practice Act, § 916, and are attachable in this State.**

Judgments recovered by the respondents herein, who are non-residents, against the corporation defendant in an action in a Federal court in Pennsylvania are subject to attachment in this State in an action against the judgment debtor and the judgment creditors. The debts, though evidenced by a foreign judgment, are " found " here, within the meaning of section 916 of the Civil Practice Act, since the judgment debtor is a domestic corporation and the

judgment would be enforcible in this State. It was error, therefore, for the court to vacate the attachments and set aside orders for service of summons by publication.

APPEALS by the plaintiff, Shipman Coal Company, from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of November, 1926, vacating the levies of warrants of attachment by the sheriff of New York county upon the indebtedness of the defendant The Delaware and Hudson Company to the individual defendants, respectively, under warrants of attachment previously granted herein, and vacating the orders for service of the summons on said defendants by publication.

*H. Bartow Farr* of counsel [*Frederic Cunningham, Jr.*, with him on the brief; *Miller, Otis, Farr & Henderson*, attorneys], for the appellant.

*William D. Bosler*, for the respondents, appearing specially.

MCAVOY, J. The appeals now here are from two orders, each vacating a levy by the sheriff of New York county on the property of the defendants Joseph and Edward Nahas, respectively, under a warrant of attachment which had been granted theretofore, and likewise vacating the orders for service of the summons by publication on those defendants who are non-residents. The orders appealed from are identical except the one relates to Joseph and the other to Edward Nahas, defendants.

The action in the case in which the attachment was issued was brought by a Pennsylvania corporation against the Delaware and Hudson Company, a New York corporation, which has its principal place of business in New York county. This action also runs against the two individual defendants, who live in Schuylkill county, Penn. It was commenced by levy of a warrant of attachment on two alleged debts which are owing to the two Nahases, respectively, by the Delaware and Hudson Company, which levy was accomplished by the sheriff of New York county leaving with the secretary of the Delaware and Hudson Company, at its office in New York county, a certified copy of the warrant of attachment and a notice describing the property sought to be attached. The attached property is claimed to be embodied in two unsatisfied judgments recovered by the two individual defendants against the Delaware and Hudson Company for injuries sustained.

Edward Nahas recovered a judgment for $15,261 and Joseph for $4,640 in the United States District Court for the Eastern District of Pennsylvania. Edward's judgment is for personal injuries and Joseph's for damages for injury to property in the destruction of

a motor truck belonging to him. The plaintiff's action here is based upon damages sustained in the same collision which caused the damages to the individual defendants and is brought for the recovery of compensation for such damage. The collision occurred in New York.

The Nahases were summoned by publication under these orders.

The complaint in this action seeks to hold all three defendants liable, as joint tort feasors, for plaintiff's loss and damages resulting from their negligence in causing the collision whereby the motor truck owned by Joseph Nahas and operated by Edward Nahas on which two electric motors belonging to the plaintiff were loaded, was destroyed and the property of plaintiff damaged and in which accident plaintiff also suffered some consequential losses.

The ground of the defendants' motions which resulted in the orders on appeal, which we think meritorious, was that as the situs of the debts, to wit, the judgments levied upon, was not within this State, such judgments were not property here, effective to confer jurisdiction upon the court in this State.

The learned court at Special Term vacated the levies and the orders for service by publication upon the ground that the situs of a debt arising from a judgment is not the domicile or residence of the debtor in respect of the judgment debt, but that such debt is wholly within the State which renders the judgment or in the jurisdiction where such judgment is docketed.

It is no longer doubtful that a claim reduced to a money judgment in favor of the defendant against whose property a warrant of attachment is granted, is attachable as " a debt, a cause of action or demand," by service of the warrant and proper notice upon the debtor or person against whom the demand exists, if such judgment is rendered in the State where the attachment is issued.

Both sections 916 and 917 of the Civil Practice Act make this out as the rule in New York.

In this State a judgment debt is property subject to attachment within the meaning of the attachment statute.

This is precisely held in *Matter of Flandrow* (84 N. Y. 1) where it was written: " It   *   *   *   cannot be doubted that a judgment is, within the meaning of the Code, property subject to attachment, and of the kind incapable of manual delivery. It is an award of the court that the plaintiff recover a sum of money; and thereby a legal obligation arises on the part of the defendant to pay it. But although it is said to be a contract or debt, or obligation of record, it cannot be said to be held or to be in the possession of anyone. The clerk, as an officer of the court, keeps the record, but does not ' hold ' the judgment.   *   *   *   From the very

nature of the obligation it follows, that the only way to subject a judgment to attachment for the payment of a debt of the plaintiff therein is to serve the warrant upon the debtor, the person against whom the judgment was recovered."

There seems no ruling adverse to the contention that a judgment of a court of this State is an attachable debt, and besides, it would also seem to be attachable as a " cause of action arising upon contract." That an action brought on a judgment recovered in a court of another State is a cause of action upon an implied contract within the meaning of section 902 of the Civil Practice Act prescribing the classes of actions in which a warrant of attachment may issue, cannot be gainsaid; and it would seem immaterial as matter of pure reason whether the original action in which judgment was recovered was in contract or in tort, since the cause of action was merged in the judgment which becomes a contract debt. The sole question then is whether the debt has its situs or is " found," for purposes of attachment, within this State. Since the judgment even though recovered in another court represents a cause of action, debt or demand, and it is not an " instrument for the payment of money " within section 916 of the Civil Practice Act, it ought to be treated in all respects like any other debt, chose in action or intangible personal property. It would not seem to constitute an unwarranted extension of the attachment statutes or any interference with the jurisdiction of other courts, or a lack of comity toward them or be any infringement of public law between the States, to hold that a judgment debt has no fixed situs at the locality of the court in which it was established.

There is no analogy whatever between instruments for the payment of money or " evidences of debt " such as stocks, bonds and notes and a foreign or domestic judgment. Therefore, the cases which discuss the situs of notes or other instruments for the payment of money are not applicable to this question, because the paper in those instances representing the debt is capable of physical possession and its situs is usually to be found at the locality where it is possessed. A judgment debt, however, has no actual location, such as physical property or a debt represented by physical property. The situs of a judgment debt, therefore, is probably in that locality where the court which renders it is established, subject also to the control of the courts in the jurisdiction in which its " situs " may be held to be for purposes of garnishment or other auxiliary processes.

Jurisdiction *in rem* is only possible where the power of the court is sufficient to control the particular *res* in question, and in the case of debts the power of control for the purpose of attachment is to

be found at the domicile of the debtor, as in this instance, for here is where the debt can be satisfactorily enforced and reduced to possession by reason of the control of the courts over the person and property of the debtor, the New York corporation.

There is nothing in the language of our statute which would exclude from its operation a judgment debt recovered in the court of another State any more than a judgment debt recovered in a court of this State. The only requirement in the attachment statutes as to the situs of property made subject to attachment is that it must be " found " within the county in which the levy is made.

This strictly construed would only apply to physical property and is an inappropriate use of the word applied to debts or other intangible property rights. Although the word is used in the statute, its scope is doubtless restricted to property over which the courts may properly exercise jurisdiction *quasi in rem* within constitutional limitations. Here the levy was made in New York county on the Delaware and Hudson Company, the judgment debtor, which is domiciled and has its principal office here, and, therefore, the indebtedness was " found " here if " found " anywhere.

That the " situs " of debts and other intangible property rights for purposes of attachment is at the domicile of the debtor or person owing the duty is a doctrine which is generally recognized as an exception to the general rule.

Our Court of Appeals said in *National Broadway Bank* v. *Sampson* (179 N. Y. 213, 223): " The general rule is well settled that the situs of debts and obligations is at the domicile of the creditor. But the attachment laws of our own and of other States recognize the right of a creditor of a non-resident to attach a debt or credit owing or due to him by a person within the jurisdiction where the attachment issues, and to this extent the principle has been sanctioned that the laws of a State, for the purposes of attachment proceedings, may fix the situs of a debt at the domicile of the debtor."

It is then immaterial in what physical locality a debt, or any other attachable intangible property right or obligation which is not an " instrument for the payment of money," may have been created, or where it is to be performed, or where it may exist. It is immaterial too where the physical evidence thereof may be found. The ground of this rule is that the power of a court over those who reside within its territorial jurisdiction is superior to that of any other court, and that consequently the residence of the person owing the obligation must determine which of two

courts has the superior right to divert the obligation for the benefit of defendant's creditors. We think that reason demonstrates that the judgment debts are attachable and that the orders should, therefore, be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Orders so far as appealed from reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs.