SHIPMAN COAL COMPANY, Respondent, *v.* THE DELAWARE
AND HUDSON COMPANY, Respondent.

JOSEPH NAHAS and EDWARD NAHAS, Appellants.

*Practice — process — attachment — motions to vacate order for substituted
service without the State and warrant of attachment.*

*Shipman Coal Co.* v. *D. & H. Co.*, 219 App. Div. 312, affirmed.

(Argued May 2, 1927; decided May 17, 1927.)

APPEALS, by permission, from two orders of the Appellate Division of the Supreme Court in the first judicial department, entered February 4, 1927, which reversed orders of Special Term granting motions to vacate a warrant of attachment and an order for substituted service upon appellants herein without the State and denied said motions.

The following question was certified on granting to Joseph Nahas permission to appeal: " The defendant Joseph Nahas, a resident of the State of Pennsylvania, having obtained a judgment in the State of Pennsylvania against the defendant The Delaware and Hudson Company, a New York corporation having its principal place of business in New York county, for damages occasioned by the negligence of the Delaware and Hudson Company occurring in this State, is the judgment or debt represented thereby subject to attachment in the county of New York in an action brought in the Supreme Court of this State by the plaintiff, a Pennsylvania corporation, against Joseph Nahas and The Delaware and Hudson Company, as joint tort feasors to recover damages for an injury to plaintiff's property in consequence of their negligence arising out of the occurrence for which damages were recovered in the action and in which the judgment attached was rendered? " A similar question was certified on permitting the appeal of Edward Nahas.

*William D. Bosler* for appellants.

*H. Barton Farr* and *Frederic Cunningham, Jr.*, for plaintiff, respondent.

Prepared by State Reporter from Appeal Papers

Orders affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK of a Trust Fund under the Will of GEORGE P. POLLEN, Deceased.

FRITZ L. SCHMIDT, JR., Appellant; ELISE M. JEWETT et al., Respondents.

*Will — trust — direction that on death of life beneficiary remainder go to her " legal issue "— distribution decreed equally to surviving descendants.*

*Matter of Pollen,* 218 App. Div. 716, affirmed.

(Argued March 29, 1927; decided May 17, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 22, 1926, which affirmed a decree of the New York County Surrogate's Court on the accounting herein directing distribution of a trust fund erected under the will of George P. Pollen, deceased, by a clause reading as follows: " To my daughter, Melinda, I also give the interest or income as it accrues on Two hundred thousand ($200,000) dollars, during her natural life. The said amount to be set apart in such good dividend paying stocks and bonds as may stand in my name at the time of my decease, and at the then market value of the same. And at her death I Will that the said amount of Two hundred thousand dollars go to her legal issue, in equal portions, after they severally reach the full age of twenty-one years." The surrogate held that the decision in *Schmidt* v. *Jewett* (195 N. Y. 486) was conclusive as to the distribution of the trust fund and accordingly decreed that it be distributed equally to the surviving descendants of the life beneficiary.

*Abraham K. Kaufman, Frederick E. Weinberg* and *David Scheinker* for appellant.