## LINCOLN MINES OPERATING CO. v. HURON HOLDING CORPORATION.

District Court, D. Idaho, S. D.
April 17, 1939.

Wm. H. Langroise, Sam S. Griffin, and E. H. Casterlin, all of Boise, Idaho, for plaintiff.

Hawley & Worthwine, of Boise, Idaho, for defendant.

CAVANAH, District Judge.

There are now before the Court two motions which were finally presented together and combined between the parties upon the record made at the hearing and they will now be considered and disposed of.

"First; Motion of the defendant for a satisfaction of the judgment, and, Second; Motion of the plaintiff for judgment against surety on the appeal bond after remand".

As to the first motion the record discloses that on March 3, 1938 a judgment was entered in this Court in favor of the plaintiff and against the defendant for the sum of $6,730.70 and $79.42 costs. Thereafter on March 31, 1938, the defendant appealed to the Circuit Court of Appeals and filed supersedeas bond in the sum of $10,000. On June 29, 1938, the Manufacturers Trust Company instituted a suit in the State of New York against the Lincoln Mines Operating Company and caused an attachment to be issued and garnishment to be served on the judgment. Defendant answered the garnishment by admitting liability on the Idaho Judgment. On July 15, 1938, defendant filed answer to interrogatories admitting the debt owing on the Idaho Judgment. On February 7, 1939, the Circuit Court of Appeals affirmed the judgment entered March 3, 1938, 9 Cir., 101 F.2d 458. Thereafter, on February 28, 1939, the Manufacturers Trust Company in attachment proceedings in New York took judgment against the Lincoln Mines Operating Company, in New York, for $15,842 on a note.

The jurisdiction of the New York Court depends upon the attachment as no personal service was had upon the Lincoln Mines Operating Company. There was paid on March 31, 1939, by defendant on execution issued in the New York case, the sum of $4,805.55 which was the balance due on the Idaho Judgment after payment in Idaho of that part of the Idaho judgment covered by the attorneys' lien. On March 11, 1939, the mandate of the Circuit Court of Appeals was mailed and filed in this Court on March 13, 1939.

The defendant urges that as the New York judgment and attachment were obtained in that state against the Lincoln Mines Operating Company, by the Manufacturers Trust Company upon a debt in New York, that for attachment purposes under the laws of New York, the Courts of New York had jurisdiction of the judgment debt and of the defendant, as the situs of the debt for attachment purpose is at the domicile of the debtor, and that this Court must look to the laws of New York to determine the validity of the attachment proceeding obtained in that state, and if found that the Idaho judgment is subject to attachment, although the Lincoln Mines Operating Company was not a resident of, or personally served with process out of the New York Court, the payment, by the defendant, of the New York judgment of $4,805.55 less one-third covered by the liens of plaintiff's attorneys constitute a valid judgment and a discharge of the judgment entered by this Court should be entered.

The first thought to be disposed of is, what was the law of the State of New York at the time judgment was entered in its Court, attachment issued and judgment of the Idaho Court attached, before the New York Court would have jurisdiction.

The provisions of the New York Statute and decisions relied upon are sections 902 and 903 of the New York Civil Practice Act and the case of Shipman Coal Company v. Delaware & Hudson Company, 219 App.Div. 312, 219 N.Y.S. 628, and affirmed by the New York Court of Appeals, 245 N.Y. 567, 157 N.E. 859.

Sections 902 and 903 of the New York Civil Practice Act Provide: "§ 902. *In what actions attachment of property may be had.* A warrant of attachment against the property of one or more defendants in an action may be granted upon the application of the plaintiff, as specified in the next section, where the action is to recover a sum of money only, as a tax or as damages for one or more of the following causes:

"1. Breach of contract, express or implied, other than a contract to marry."

"§ 903. *What must be shown to procure warrant of attachment.* To entitle the plaintiff to such a warrant, he must show that a cause of action specified in the last section exists against the defendant; and, if the action is to recover damages for breach of contract, that the plaintiff is entitled to recover a stated sum, over and above all counterclaims known to him. He must also show that the defendant

"1. Is either a foreign corporation or not a resident of the state."

The Supreme Court of that State in the Shipman Coal Company case interpreted these two provisions of their statute, in an action where, "The action in the case in which the attachment was issued was brought by a Pennsylvania corporation against the Delaware and Hudson Company, a New York corporation, which has its principal place of business in New York county. This action also runs against the two individual defendants, who live in Schuylkill county, Penn. It was commenced by levy of a warrant of attachment on two alleged debts which are owing to the two Nahases, respectively, by the Delaware and Hudson Company, which levy was accomplished by the sheriff of New York county leaving with the secretary of the Delaware and Hudson Company, at its office in New York county, a certified copy of the warrant of attachment and a notice describing the property sought to be attached. The attached property is claimed to be embodied in two unsatisfied judgments recovered by the two individual defendants against the Delaware and Hudson Company for injuries sustained, [which were recovered in the United States District Court of Pennsylvania]. * * *

"The sole question then is whether the debt has its situs or is 'found,' for purposes of attachment, within this state. Since the judgment even though recovered in another court represents a cause of action, debt or demand, and is not an 'instrument for the payment of money' within section 916 of the Civil Practice Act, it ought to be treated in all respects like any other debt, chose in action or intangible personal property. It would not seem to constitute an unwarranted extension of the attachment statutes or any interference with the jurisdiction of other courts, or a lack of comity toward them or be any infringement of public law between the States, to hold that a judgment debt has no fixed situs at the locality of the court in which it was established. * * *

"Jurisdiction in rem is only possible where the power of the court is sufficient to control the particular res in question, and in the case of debts the power of control for the purpose of attachment is to be found at the domicile of the debtor, as in this instance, for here is where the debt can be satisfactorily enforced and reduced to possession by reason of the control of the courts over the person and property of the debtor, the New York corporation. * * *

"That the 'situs' of debts and other intangible property rights for purposes of attachment is at the domicile of the debtor or person owing the duty is a doctrine which is generally recognized as an exception to the general rule. * * *

"There is nothing in the language of our statute which would exclude from its operation a judgment debt recovered in the court of another State any more than a judgment debt recovered in a court of this State. The only requirement in the attachment statutes as to the situs of property made subject to attachment is that it must be 'found' within the county in which the levy is made."

It is apparent from the interpretation of the New York Statute relating to attachments, by the Supreme Court of that State, it is held that a judgment debt recovered in another State may be attached under the New York Statute, and when done so, it gives to the New York Court jurisdiction, for in that case the Delaware and Hudson Company, against whom the attachment was issued, was a New York Corporation as in this case, the defendant Huron Holding Corporation is also a New York Corporation. Then the inquiry arises, does the principle laid down by the Supreme Court of New York when interpreting their state statute apply and come under the recent rule recognized by the Supreme Court of the United States in the case of Erie Railroad Co., v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487, where it is said: "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature of 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts."

■ It seems clear that the decision of the Erie Railroad Company case holds that "the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern."

■ And therefore the Supreme Court of the State of New York having held that the Courts of New York can acquire jurisdiction by the issuance of an attachment out of its courts and levy upon a judgment debt recovered in a Court of another State, it would seem that the New York Court had jurisdiction at the time of the entry of judgment in the case of The Manufacturers Trust Company v. Huron Holding Corporation. The Supreme Court of the United States in the case of Chicago, Rock Island & Pacific R. Co. v. Strum, 174 U.S. 710, 19 S.Ct. 797, 799, 43 L.Ed. 1144, when discussing the essential service of foreign attachment laws, has recognized the right under such attachment laws to reach out and arrest the payment of what is due and might be paid to a non-resident, and to do so one must go to the domicile of his debtor under the laws and procedure in force. There the Court said: "The idea of locality of things which may be said to be intangible is somewhat confusing, but, if it be kept up, the right of the creditor and the obligation of the debtor cannot have the same, unless debtor and creditor live in the same place. But we do not think it is necessary to resort to the idea at all, or to give it important distinction. The essential service of foreign attachment laws is to reach and arrest the payment of what is due and might be paid to a nonresident to the defeat of his creditors. To do it, you must go to the domicile of his debtor, and can only do it under the laws and procedure in force there. This is a legal necessity, and considerations of situs are somewhat artificial. If not artificial, whatever of substance there is must be with the debtor. He, and he only, has something in his hands. That something is the res, and gives character to the action, as one in the nature of a proceeding in rem. Mooney v. Buford & George Mfg. Co., [7 Cir.], 72 F. 32, [34 U.S.App. 581]; Story, Confl. Laws, § 549, and notes."

While before the decision in the Erie Railroad case it was held by many courts that a judgment of a foreign court is not subject to attachment, Wabash Railroad Company v. Tourville, 179 U.S. 322, 21 S.Ct. 113, 45 L.Ed. 210, yet, now "the law to be applied in any case is the law of the state" when in determining whether under the laws of New York, the New York Court had jurisdiction to enter its judgment after attaching the Idaho judgment.

■■ As to the contention that the Statute of Limitation runs on the note on which the New York suit was brought, the Lincoln Mines Operating Company did not appear in that suit and invoke the statute of limitation which was a personal privilege and it could have either claimed or waived it. It being a nonresident of New York the statute of New York did not run in its favor. Olcott v. Tioga R. Co., 20 N.Y. 210, 75 Am.Dec. 393. This rule is also recognized in Idaho, Section 5-229; West v. Theis, 15 Idaho 167, 96 P. 932, 7 L.R.A.,N.S., 472, 128 Am.St.Rep. 58.

■ As to the further contention of the Lincoln Mines Operating Company that there was not a good attachment in New York, upon which jurisdiction must depend, for the reason that the debt attached was not then owing and that there was no certainty at the time of the attachment that any debt would ever be owing as the case in which the Idaho judgment was entered was on appeal to the Circuit Court of Appeals and that any attempt to attach the Idaho judgment under such circumstances became a nullity, brings us to the question as to whether a judgment stands binding upon the parties until reversed, while an appeal from it is pending. The giving of a supersedeas bond only stayed the enforcement of the judgment while the appeal was pending and did not change the judgment or change the debt evidenced by it, or vacate it. Sections 11-204 and 11-212, Idaho Code Annotated; Waters v. Dunn, 18 Idaho 450, 110 P. 258; Morbeck v. Bradford-Kennedy Co., 18 Idaho 458, 110 P. 261; Emery v. United States, D.C., 27 F.2d 992; Dupont de Nemours & Co. v. Richmond Guano Co., 4 Cir., 297 F. 580; Deposit Bank v. Board of Councilmen of Frankfort, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276; Ransom v. City of Pierre, 8 Cir., 101 F. 665.

■ The fact that an appeal was taken and the Idaho judgment was affirmed did not, during the pendency of the appeal,

724

change the nature of the debt evidenced by the judgment. Titus v. Wallick, 59 S.Ct. 557, 83 L.Ed. ——, decided February 27, 1939 (not yet reported in U. S. reports). And such judgment was subject to attachment.

Granting then, full faith and credit to the New York judgment against the Lincoln Mines Operating Co., requires, under the record, satisfaction of the Idaho judgment and the motion of the Huron Holding Corporation to satisfy the same is granted and the motion of the Lincoln Mines Operating Company to enter judgment against the surety is denied.