RANDALL R. McCORMICK, Plaintiff, *v.* AMERICAN PRESS PUBLICATIONS, INC., Defendant.

Supreme Court, Special Term, New York County, November 23, 1966.

*J. David Delman* for defendant. *Richard A. Kerner* for plaintiff.

CHARLES A. LORETO, J. Plaintiff brought an action in fraud in a Kansas court, using its long-arm statute to obtain jurisdiction over the defendant, a New York resident. The latter chose not to appear or defend. The result was a default judgment.

Upon a summons and complaint in this court seeking to obtain a judgment here on the Kansas judgment, plaintiff obtained a warrant of attachment on defendant's property.

This defendant now moves to vacate the attachment. The basis asserted by defendant for the vacatur is that the Kansas court did not have jurisdiction over it. But the record indicates that that court made such a finding and comity dictates a respect for its decision. Defendant's attack on that ground should be addressed to that court.

However, this attachment is impermissible. While it is true that the alleged tort, reduced to judgment, is properly subject to attachment (*Matter of Flandrow,* 84 N. Y. 1), the question here is not whether the Kansas judgment is an attachable debt, but whether this provisional remedy is authorized under CPLR 6201. The statute authorizes the granting of an order of attachment (1) when the action is one for a money judgment and (2) when one of the seven additional requisites is present. Here, the only possible subdivision of the statute purportedly in compliance with the second prerequisite is under subdivision "7" of the statute, i.e., "7. there is a cause of action to recover damages * * * for fraud or deceit."

But the difficulty with plaintiff's position is that this suit is not to recover damages for fraud or deceit. It is one to recover a judgment upon a foreign judgment. The fraud or deceit, if any, the basis of the Kansas action, was merged in the Kansas judgment. It is not revived by this suit. Therefore, it cannot be treated as a case coming within the purview of that subdivision of the statute.

Plaintiff obtained the attachment on the authority of *Shipman Coal Co.* v. *Delaware & Hudson Co.* (219 App. Div. 312, affd. 245 N. Y. 567). Its reliance on that case is misplaced. While a judgment is attachable, it is not a judgment against the same party sued in the action wherein the attachment is sought. The judgment which was held attachable in that case is a judgment obtained against another party by the party against whom the suit was brought by the plaintiff. In other words, the judgment itself against another party is an asset or credit which is attachable. Here what was mistakenly done was to attach through the judgment which the plaintiff had obtained against the defendant — the same party against whom he had instituted this suit.

What plaintiff is here attempting to accomplish, is to use the process of attachment in lieu of and in order to effect what the process of an execution pursuant to a judgment obtained here, is designed to accomplish. Such substitution of provisional prejudgment process for a post-judgment process is not authorized by statute. The motion is granted.