PENROSE & McENIRY, Plaintiff, Judgment Creditor, *v.* JOHN MANOGUE, Defendant, Judgment Debtor.

Supreme Court, Saratoga County, April 9, 1927.

Executions.— garnishment — garnishee execution will not issue against foreign corporation not doing business within this State.

The garnishee execution issued herein, and the order permitting its issuance, must be vacated, since it appears that the employer corporation is a foreign corporation with no license to do business in this State so as to make it amenable to the process and jurisdiction of the courts of the State; irrespective of the merits of plaintiff's claim, the *res* being beyond the jurisdiction of the court, execution cannot be permitted under the circumstances.

MOTION by defendant, judgment debtor, to vacate and set aside order directing that garnishee execution issue and execution issued pursuant thereto.

*Walter H. Wertime, Jr.,* for the plaintiff.

*James H. Glavin, Jr.,* for the defendant.

GOLDSMITH, J. The plaintiff and defendant are both residents of the State of New York. The plaintiff secured a judgment in the Supreme Court, Albany county, against the defendant and a transcript thereof was filed in Saratoga county, where the defendant resides. There is now outstanding in the hands of the sheriff of Saratoga county an execution against the wages and earnings of the defendant arising out of his employment with Wm. Waltke & Co., a corporation. This motion is made by the defendant to vacate the execution and the order authorizing its issuance. While the papers were sufficient upon their face to justify the order, the defendant submits supplemental proof addressed to the jurisdiction of the court.

It appears from the moving papers that the defendant is employed in New York State as a salesman by Wm. Waltke & Co., a Missouri corporation, having its office and principal place of business in the city of St. Louis and State of Missouri. Another salesman is employed in New York State at New York city, where an office is maintained for his convenience at 100 Hudson street. There is no proof that either salesman is an officer, director or managing agent of the corporation. The employer corporation has no license to do business in New York State and has not designated any person in said State upon whom service of process can be made. The letterhead of Wm. Waltke & Co., appearing on a letter received by plaintiff from the home office and offered by him as an exhibit, is captioned " sales department " and reads that the corporation is engaged in business as " Soapmakers, perfumers and chemists; factory and main office, East Grand and Second Street, St. Louis, U. S. A." All orders secured and reports made by the defendant are sent to the home office at St. Louis. The defendant receives his salary from the St. Louis office and all reports, directions and instructions are given to him from that office. The defendant alleges that he has no connection with the New York office and does not communicate with that office.

Upon these facts the order authorizing the execution to issue cannot be sustained. The debtor of the defendant is a foreign corporation with its domicile in the State of its origin, and its principal place of business located in the same State, and the facts recited herein do not fix the presence of this corporation in the

33

State of New York for the purpose of making it amenable to the process and jurisdiction of the courts of this State. (*Plimpton* v. *Bigelow*, 93 N. Y. 592, 596; *National Broadway Bank* v. *Sampson*, 179 id. 213, 222; *Douglass* v. *Phenix Insurance Co.*, 138 id. 209, 218.) The business relations of the defendant with his employer are all centered at the home office in the State of Missouri, and although his services are performed in the State of New York, it is the reasonable conclusion that the contract of employment was made at St. Louis and is being carried out from the Missouri office. A garnishee execution being governed by the principles applicable to attachments, it follows that the situs of the debt sought to be reached is in the State of Missouri. (*Morris Plan Co.* v. *Miller*, 102 Misc. 470.) The *res* being beyond the jurisdiction of the court, the execution cannot be permitted.

Curiously the court is not invested with power to enforce a garnishee execution and in case of failure to comply with its terms, the judgment creditor is remitted to the action authorized by subdivision 4 of section 684 of the Civil Practice Act to recover from the person to whom the process was directed the amount which should have been paid to apply thereon. (*Keve* v. *Columbia Kid Hair Curlers Manufacturing Co.*, 161 App. Div. 918.) The garnishee execution amounts to a demand and an authorization to pay by the court. But the lack of power in the court to compel obedience to its mandate will not lessen its vigilance in determining its capacity to act as prescribed by statute in this case, and where jurisdiction is absent it will not knowingly subscribe to a futile order. It is patent that the *res* sought to be reached is without the jurisdiction of this court, and, irrespective of the merits of plaintiff's claim, the execution and the order permitting it must be vacated.

Motion to vacate garnishee execution and the order permitting it is granted, with costs.