Daniel J. Carpenter, Plaintiff and Judgment Creditor, v. Charles F. Farabaugh, Defendant and Judgment Debtor.

The Pennsylvania Railroad Company, Garnishee.

Municipal Court of New York, Borough of Queens, First District, February, 1933.

*Riesner & Shenk*, for the plaintiff.

*Burlingham, Veeder, Fearey, Clark & Hupper* [*C. B. M. O'Kelley* of counsel], for the garnishee.

O'Rourke, J. This is a motion by the garnishee, The Pennsylvania Railroad Company, to set aside and vacate an order of garnishment, pursuant to section 684 of the Civil Practice Act, against the salary due and to become due to the above-named judgment debtor from The Pennsylvania Railroad Company.

The only issue to be determined upon this motion is whether or not this court has jurisdiction of the *res* or debt.

It is conceded that the garnishee and judgment debtor are both residents of Pennsylvania.

The only issue raised by the plaintiff is that since the garnishee maintains an office in the city of New York it is deemed to be a resident of this State and, therefore, within the jurisdiction of this court.

The garnishee on the other hand argues that since the railroad company and the debtor are non-residents, and the latter performs no services in New York and receives no remuneration in this State, this court has no jurisdiction over the *res*.

An execution under section 684 of the Civil Practice Act is a proceeding in the nature of an attachment and, therefore, subject to the law governing attachments. A *res* sought to be attached must be actually or constructively within the jurisdiction of the court issuing such process. (*Plimpton* v. *Bigelow*, 93 N. Y. 592, 596; *Douglass* v. *Phenix Ins. Co.*, 138 id. 209, 219; *Morris Plan Co.* v. *Miller*, 102 Misc. 470, 471.)

The rule is applicable to tangible as well as intangible interests.

" The laws relating to attachments do not authorize a proceeding in this State to seize a credit owing to a resident of another State, when neither the creditor nor the debtor is a resident here." (*National Broadway Bank* v. *Sampson*, 179 N. Y. 213.)

In *Dos Passos* v. *Morton* (218 App. Div. 154) an attempted attachment of the salary of a non-resident employee of a foreign corporation which maintained an office in New York State was held invalid and the order of attachment was set aside. The court held that the appointment of an agent in another State to receive process, done in pursuance to the laws of that State, to enable it to conduct its business, does not change its domicile of origin.

From all the foregoing the garnishee is a resident of the State of Pennsylvania, and since the debtor is also a resident of that State, works there and receives his wages in that State, it is quite evident that the *res* is in Pennsylvania and not in New York; therefore, this court has no jurisdiction.

Motion to vacate the order of garnishment granted.