COMMERCIAL CREDIT CORPORATION, Appellant, *v.* JOHN W. YOUNG, Defendant, Impleaded with THE PENNSYLVANIA RAILROAD COMPANY, Garnishee, Respondent.

Fourth Department, December 27, 1939.

*Buecking & Sengbusch [William C. Sengbusch* of counsel], for the appellant.

*Harold J. Adams [Percy R. Smith* of counsel], for the respondent.

DOWLING, J. The summons and verified complaint in this action were served upon the defendant at his residence in Erie county, N. Y., on October 21, 1930. On the return day of the summons in the City Court of Buffalo, the defendant failed to appear or answer and judgment was entered against him by default for $322.75, being the balance due, with costs, upon the promissory note sued upon in the action. A transcript was filed in the Erie county clerk's office and an execution thereon was issued to the sheriff of Erie county which was later " returned wholly or partly unsatisfied."

On April 14, 1939, there remained due and unpaid on the judgment the sum of $220.75, with interest thereon from October 28, 1930. On April 18, 1939, the plaintiff, upon an affidavit showing the requisite facts, applied to a judge of the City Court of Buffalo for an order directing that a garnishee execution issue against the wages of the defendant, who was shown to be a brakeman in the employ of the Pennsylvania Railroad Company at a weekly wage

of twelve dollars or more. The judge applied to granted an order directing the issuance of a garnishee execution against such wages and a garnishee execution was issued accordingly. The execution commanded any marshal of the City Court of Buffalo to levy upon the wages of the defendant receivable by him from his employer each and every week to the extent of ten per centum thereof until the judgment, with interest, and the expenses of the levy was fully paid and satisfied. The execution further provided that upon the presentation thereof to the Pennsylvania Railroad Company " the same shall become a lien and continuing levy upon such wages * * * to the amount specified herein." This execution was presented to the Pennsylvania Railroad Company on April 21, 1939. On June 26, 1939, the Pennsylvania Railroad Company, upon a stipulation of facts, moved " at a Special Term of the City Court of Buffalo * * * Part 5 * * * for an order vacating the execution against the wages of John W. Young, dated April 18th, 1939." The parties stipulated, in substance, the recovery of the judgment; that the Pennsylvania Railroad Company is a foreign corporation organized under the laws of the State of Pennsylvania and duly authorized to do business in the State of New York; the issuance of the garnishee execution and presentation thereof at Buffalo " to an employee of the Pennsylvania Railroad Company, the debtor's employer, which employee was authorized to accept process on behalf of the Pennsylvania Railroad Company. That the said debtor John W. Young, at the time of the issuance and delivery to the Pennsylvania Railroad Company of the said execution, resided and still resides in Oil City, Pa., and was at said times and now is employed as a brakeman by the Pennsylvania Railroad Company on a route operating between Oil City, Pa., and Pittsburg, Pa. That the employment of John W. Young was at said times and now is entirely within the State of Pennsylvania and his wages at said times and now are paid at Oil City, Pa., by checks issued by the Pennsylvania Railroad Company in Philadelphia, Pa., and forwarded to Oil City, Pa." Upon the facts as stipulated the City Court of Buffalo " Ordered that the order of garnishment issued in this action dated April 18th, 1939, be and the same hereby is vacated and discharged on the ground of lack of jurisdiction." The order further provided that any sum deducted by and remaining in the hands of the garnishee be paid over to John W. Young. From this order the plaintiff appealed to the Supreme Court in Erie county, which affirmed the order. From the order and judgment of affirmance the plaintiff has appealed to this court.

In its brief the appellant says: " The only point to be determined upon this appeal is whether or not garnishee executions, covered by

section 684 of the Civil Practice Act, are governed by the principles of law applicable to warrants of attachment." Appellant also says in its brief: " At the outset the plaintiff concedes that the cases cited in Judge McLaughlin's opinion [City Court of Buffalo] and also, the case of *Penrose & McEniry* v. *Manogue* (129 Misc. 512), if they express sound law, are support for Judge McLaughlin's opinion." The appellant contends, however, that garnishment and attachment are not analogous proceedings.

Under section 684 of the Civil Practice Act it is quite evident that in this State the garnishment of a debtor's wages is an ancillary proceeding in aid of a judgment that has already been recovered against a judgment debtor. In *Morris Plan Company* v. *Miller* (102 Misc. 470) it was held that the rule applicable to attachments is applicable to garnishment proceedings. This ruling was followed in *Penrose & McEniry* v. *Manogue* (129 Misc. 512); *Coller* v. *Sheffield Farms Co., Inc.* (Id. 600); *Carpenter* v. *Farabaugh* (146 id. 625). In 12 Ruling Case Law, section 2, page 775, the author says: " Garnishment has very properly been defined as an attachment by means of which money or property of a debtor in the hands of third parties, which cannot be levied upon, may be subjected to the payment of the creditor's claim." To the same effect is 5 Carmody's N. Y. Practice (§ 1707, p. 3917) and 18 Abbott's N. Y. Digest (§ 1), under the heading " Garnishment." We think the correct rule was stated by Justice Sears in *Morris Plan Company* v. *Miller* (*supra*).

There is no proof in the record that the debtor Young was ever employed by the Pennsylvania Railroad Company while he was a resident of the State of New York; hence the City Court of Buffalo, while it had jurisdiction of Young's person when the summons was served upon him, never acquired actual or constructive jurisdiction of his contract of employment with the Pennsylvania Railroad Company, which contract is the *res* in this instance. In *Douglass* v. *Phenix Insurance Co.* (138 N. Y. 209) the court held (at pp. 219–222): " No court can acquire jurisdiction in attachment proceedings unless the *res* is either actually or constructively within the jurisdiction. * * * We think the rule is that a domestic corporation at all times has its exclusive residence and domicile in the jurisdiction of origin, and that it cannot be garnisheed in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against its creditor in the absence of jurisdiction acquired over the person of such creditor. * * * This court has disclaimed jurisdiction in the courts of this State to attach debts owing by a foreign corporation * * * belonging to non-residents, by notice or process served on the agents of such corporations in this State [citing cases]." The appellant

argues, in substance, that the rule in attachment proceedings should not apply to garnishee execution in cases where, as here, jurisdiction of the person was had when the action was begun. Appellant, however, concedes that " a debt owing by a corporation to a non-resident defendant has a situs at the home office of the corporation." Manifestly the City Court of Buffalo lost jurisdiction of the person of the defendant when he became a resident of Pennsylvania. In *National Broadway Bank* v. *Sampson* (179 N. Y. 213) the court (at p. 222) said: " Attachment suits are in the nature of actions *in rem*, and are especially so when they proceed without jurisdiction of the person of the debtor in the attachment suit. No State can subject to its laws either real or personal property which is out of its jurisdiction. It is fundamental that in an attachment proceeding the *res* must be within the jurisdiction of the court issuing the process in order to confer jurisdiction (*Plimpton* v. *Bigelow*, 93 N. Y. 592, 596)," and at page 224, quoting from *Carr* v. *Corcoran* (44 App. Div. 97, 99): " The debtor being a non-resident and the creditor being a non-resident, there would be nothing for the court to take hold of;" and at page 225: " The laws relating to attachments do not authorize a proceeding in this State to seize a credit owing to a resident of another State, where neither the creditor nor the debtor is a resident here. Nor, as we have seen, could the State make a debtor a resident by so declaring, when such was not the fact." No notice of the application for the order directing the issuance of the garnishee execution in question was given to the debtor Young and he has not appeared in that proceeding. Jurisdiction of Young's person was not necessary, but jurisdiction of the *res*, his contract of employment, was necessary in order to confer jurisdiction on the judge who made the order under review. Lacking it, the order was void when made and it was properly vacated.

The Legislature, by chapter 651 of the Laws of 1939, amended subdivision 1 of section 684 of the Civil Practice Act, effective September 1, 1939, as follows: " The managing agent of a foreign corporation, authorized to do business in this State, shall be deemed to represent such corporation for the purposes of carrying out the provisions of this section." We are not called upon to determine the significance of this amendment since the proceeding under review was begun prior to the effective date of the amendment.

The judgment and order should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Judgment and order affirmed, with costs.