Bernard Weiss, J.
Plaintiff’s motion for summary judgment and defendant’s cross motion to dismiss the complaint present what appears to be a question of first impression, resolved neither by the authorities cited by plaintiff nor decisively by the independent research of the court.
The facts are not in dispute. Plaintiff, a judgment creditor of one McNamara, effected service of a garnishee execution on defendant, his alleged employer, on November 26, 1958. The latter promptly returned the same to the Marshal because McNamara’s employment had been terminated on November 8, 1958. On July 24, 1962, over three and one-half years later, McNamara was re-employed by defendant. He thereafter earned $2,547.33 until his employment was again terminated on December 18, 1962. Plaintiff thereupon commenced this action for $254.73 constituting 10% of these earnings on the ground that the original garnishee execution was applicable thereto and defendant had failed to withhold and remit the same under section 684 of the Civil Practice Act.
The subject section provides, among other things, that where earnings ‘ ‘ are due and owing to the judgment debtor or shall thereafter become due ” the court must issue such an execution, and the same “ shall become a lien and a continuing levy ” upon such earnings.
Plaintiff contends that the execution was validly conceived and lay dormant until the judgment debtor re-entered defendant’s employ, when it blossomed into effect. Defendant contends that, in the absence of an existing employment at the time of the issuance of the execution, it had no valid inception and could not subsequently develop legitimacy, so to speak, by the subsequent re-employment of the judgment debtor.
Plaintiff relies on authorities in which the execution had its genesis in an existing employment, thereby establishing the statutory “lien and continuing levy.” These cases have no *5 relevance to the instant issue as to whether such a lien can ever emanate from an execution issued at a time when there was no employment.
Although defendant indicates that its research has uncovered no cases in point, the court’s independent research discloses sufficient authority by analogy to sustain defendant’s position.
In the first of two such cases, Carpenter v. Farabaugh (146 Misc. 625) Mr. Justice O’Rourke, sitting in the Municipal Court of this city, held that the court had no jurisdiction to issue a garnishee execution where the employer and the employee judgment debtor were nonresidents and the latter worked and received his wages in a foreign State, on the ground that a garnishee execution is in the nature of an attachment and that, therefore, ‘ ‘ A res sought to be attached must be actually or constructively within the jurisdiction of the court issuing such process.”
Carpenter was cited with approval and to the same effect by the Appellate Division, Fourth Department, in Commercial Credit Corp. v. Young (258 App. Div. 323).
Accordingly, since the lack of an employment in esse is tantamount to the absence of the prerequisite jurisdictional res, plaintiff’s motion for summary judgment is denied and defendant’s cross motion to dismiss the complaint is granted.